IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cr. No. C-00-392 |
| | § | |
| GUILLERMO MIRANDA. | § | |

## ORDER DENYING MOTION FOR IMMEDIATE DEPORTATION

Pending before the Court is Defendant Guillermo Miranda's ("Miranda") Motion for Immediate Deportation, received by the Clerk on July 11, 2008. (D.E. 48).  In his motion, he requests that the Court issue an order requiring that he be deported prior to the completion of his sentence, citing 8 U.S.C. § 1252(h).  For the following reasons, the Court denies Miranda's motion.[1]

## I. BACKGROUND

Miranda pleaded guilty to possession with intent to distribute more than 5 kilograms of cocaine and more than 50 kilograms of marijuana. (D.E. 1, 21-22.)  The Court sentenced him on May 29, 2001 and judgment was entered against him on June 5, 2001.  (D.E. 26, 27.)  He timely appealed, and the Fifth Circuit dismissed his appeal in a per curiam opinion, finding no nonfrivolous issues for appeal. (D.E. 47.)  He has not filed any other post-conviction motions.

## II. DISCUSSION

As noted above, Miranda relies upon 8 U.S.C. § 1252(h) and requests that the Court begin immediate deportation proceedings.  (See D.E. 48.)  The provision on which he relies has been recodified at 8 U.S.C. § 1231(a)(4).  Accordingly, this Court will treat his motion as being brought pursuant to 8 U.S.C. § 1231(a)(4).

---

[1]  The motion is also subject to being stricken because it is not signed by Miranda.  (See D.E. 48 at 2.) Instead, it contains the signature and return address of an individual named "Jorge Pineda," who appears to be a fellow inmate.  Nonetheless, because Miranda is not entitled to relief even if he had properly signed the motion, the Court addresses his motion herein.

That provision states the general rule that the United States Attorney General may not remove[2] a convicted alien until the alien has completed his sentence of imprisonment. 8 U.S.C. § 1231(a)(4)(A). An exception to the rule is found at § 1231(a)(4)(B)(i), which allows the Attorney General to remove an alien before his sentence is completed, under limited specified circumstances. Specifically, the Attorney General may remove a federal prisoner prior to completion of his sentence if he is "confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title)" and "removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B)(i). Under the pertinent statutory scheme, then, the Attorney General has some limited authority and the discretion to order deportation before the completion of the alien's sentence.

The statute also expressly states, however, that it does not provide a private cause of action:

> (D) No private right
>
> No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4)(D).

Because the decision to seek early deportation under the permissible statutory circumstances lies with the Attorney General, and because there is no private right of action under the statute, this Court concludes that Miranda's motion should be denied. Although the Fifth Circuit has not addressed this precise issue, other Circuit Courts of Appeals have uniformly agreed with this Court's conclusion that an alien may not bring a motion seeking early deportation. See, e.g., United States v. Marin-

---

[2] The term "removal" is used in the statute to denote what was previously referred to as "deportation."

2

Castaneda, 134 F.3d 551, 556 (3d Cir.), cert. denied, 118 S. Ct. 1855 (1998) (criminal alien was without standing to enforce 8 U.S.C. § 1231(a)(4)(B)); Thye v. United States, 109 F.3d 127, 128-29 (2d Cir. 1997) (per curiam) (affirming district court's denial of request for early deportation and holding that no private right of action exists to seek early deportation); United States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997) (a convicted alien has no private right of action to compel the attorney general to deport him); Haddad v. United States Attorney General, 194 F.3d 1312, 1999 WL 1023980, *1 (6th Cir. 1999) (8 U.S.C. § 1252(h) "does not create a private right of action to force the Attorney General to begin deportation proceedings").  See also Channer v. Hall, 112 F.3d 214, 216 (5th Cir. 1997) (addressing duty to deport an alien once his criminal sentence has been served and holding that § 1252(i) did not create a private right of action for damages).

### III.  CONCLUSION

For the foregoing reasons, Miranda's Motion for Immediate Deportation (D.E. 48) is denied.


ORDERED this 15th day of July, 2008.


Janis Graham Jack
Janis Graham Jack
United States District Judge

3